N THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ZANE YOUALO VANG, #15049-041                                        PETITIONER

V.                                        CIVIL ACTION NO. 3:15cv108-CWR-LRA

WARDEN B. E. BLACKMON                                            RESPONDENT

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Zane Youalo Vang ("Vang" or "Petitioner") filed his petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2241 on February 18, 2015.[1]  The petition is now before the undersigned for report and recommendation.  When Vang signed his petition, he was a federal prisoner incarcerated at FCC-Yazoo City, having been convicted[2] and sentenced to a 50-month term on August 15, 2011, in the United States District Court for the District of Minnesota.

Vang claimed in this petition that his constitutional rights were violated because of a disciplinary proceeding wherein he was charged with escape from and voluntary return to a Residential Reentry Center (RRC) in Roseville, Minnesota.  This proceeding resulted in his loss of 92 days of good conduct time credit and the "removal of Early Release 3621(e) (9/3/14)," due to completion of a Residential Drug Abuse Treatment

---

[1]Section 2241(a) provides in pertinent part that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." Section 2241(c)(3) states that a writ of habeas corpus may extend to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."

[2]Vang was convicted of Conspiracy to Distribute and Possession with Intent to Distribute Controlled Substances [Ex. 1 to #8, p. 1].

Program (RDAP).  Vang sought to have his disciplinary record expunged, his good conduct time restored, and his early release time reinstated.

Taking judicial notice of the Bureau of Prisons website[3], which reflects that Vang was released on August 7, 2015, and noting that he has not provided this Court with a current address, the undersigned recommends that Vang's § 2241 petition, which sought an early release, be dismissed for lack of a case or controversy.[4]  *See, e.g.*, FED. R. EVID. 201 (stating that a judicially noticed fact must be one not subject to reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *Denius v. Dunlap,* 330 F.3d 919, 927 (7th Cir. 2003) (permitting judicial notice of government records readily available in the public domain, such as the internet, because the fact of record keeping is not subject to reasonable dispute and the accuracy could not reasonably be questioned.)

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477-78). Generally, any set of circumstances eliminating the controversy after the lawsuit is filed

---

[3]*See* www.bop.gov/inmateloc/.

[4]Inasmuch as Vang has not maintained a current address with the Court, it would be a futile gesture to provide him an opportunity to advise the Court as to the existence of any collateral consequences.  However, he could still show such consequences by timely objection.

renders the case moot.  *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006).  A case becomes moot "when the issues presented are no longer alive or the parties lack a legally cognizable interest in the outcome."  *Valentine v. Pearson*, No. 5:10cv160, 2011 WL 268716, at *2 (S.D. Miss. May 11, 2011) (quoting *United States v. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396-397 (1980).

Under the *Spencer* case, a petitioner does present an Article III controversy when he demonstrates "some concrete and continuing injury other than the now-ended incarceration" — a "collateral consequence of the conviction").  523 U.S. at 7.  For the courts to exercise jurisdiction over a petitioner no longer in custody, that petitioner must demonstrate both that he was in custody when he filed the petition, and that his subsequent release has not rendered the petition moot.  *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004).

In this case, Vang was released from prison over eight months ago.  He has not contacted the Court after his release or provided the Court with a free world address. He has not demonstrated to the Court that he has a continuing injury after his release, and he may have lost interest in pursuing his claims for early release due to the claims being moot.

Finally, because Vang has not submitted a current address to the Clerk and has not communicated with the Court since April 30, 2015 [#9], his petition is also subject to dismissal without prejudice for want of prosecution and failure to comply with the Local Rules.  See *McCullough v. Lynaugh*, 824 F.2d 1126, 1127 (5th Cir. 1988) (explaining that, pursuant to Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to

3

comply with a court order) (citing *Link v. Wabash R.R. Co.*, 70 U.S. 626, 630-31 (1962)). Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes.  "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes."  *See* Local Rule 11(a); *Wade v. Farmers Ins. Group*, No. 01-20805, 2002 WL 1868133, at *1, n. 12 (5th Cir. June 26, 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute- even incarcerated litigants must inform the court of address changes).

In light of the mootness of Vang's claims, as well as his failure to maintain a current address with the Clerk of the Court, the undersigned recommends that his Petition be dismissed without prejudice.  Alternatively, if Vang files a timely objection to this Report and Recommendation, providing a current address and showing why his claims are not moot, he should be allowed to proceed on the merits of his claims.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636.

Respectfully submitted, this the 26th day of April 2016.


___S/ Linda R. Anderson_____
UNITED STATES MAGISTRATE JUDGE